IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ARNOLD, | No. CIV S-08-1541-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES WALKER, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1) challenging a prison disciplinary proceeding.

**I.  BACKGROUND**

On June 23, 2006, petitioner was involved in an altercation with another inmate. A rule violation report of the same date indicates:

> On Friday June 23, 2006, at approximately 1720 hours, while inside of Dorm 2, H-Unit, you battered inmate GOMEZ, F-22291, 2-H-40U. Inmate GOMEZ sustained a fractured jaw. As a result of this battery, inmate GOMEZ had to be transported from H-Unit, by Med-1, to an outside hospital, where he was admitted, to receive medical care. . . .

1

A disciplinary hearing was held on November 2, 2006.  Petitioner acknowledged receipt of written charges against him (battery on an inmate with serious injury).  Petitioner also stated that he understood the disciplinary process and was ready to proceed with the hearing.  Regarding a staff assistant, the hearing record reflects the following:

> Staff Assistant:  A Staff Assistant was not assigned.  Inmate ARNOLD does not fit the criteria for Staff Assistant per CCR-3315(d)(2)(a) due to the following reasons:  Subject speaks, reads, and understands English, is literate without physical disabilities that affect his ability to participate in the disciplinary process, does not have a T.B.E. test score of 4.0 or lower, there is no need for a confidential relationship, and the issues are not complex.  During the hearing inmate ARNOLD confirmed that the assignment of a staff assistant was not necessary stating that he has completed the 12th grade and has read and understands the charges.

Petitioner requested no witnesses and, although he did not request an investigation, one was conducted.  In his defense, petitioner claimed that inmate Gomez attacked him for no reason and that he was defending himself.   The record reflects that petitioner was found guilty of the charged disciplinary violation largely based on a statement provided confidentially by another inmate.  The disciplinary finding states:

> CDC 1030 that discloses information obtained confidentially from an inmate identified only as Confidential Source #5, a Hispanic inmate who witnessed the incident.  The form states in part, "The black inmate (ARNOLD), said, "Did you just hit me?" and then struck GOMEZ about 4 (4) times.

Petitioner was assessed a loss of 360 days good-time credits.

> In the only reasoned decision regarding petitioner's claims, the Marin County Superior Court stated:

> Petitioner, an inmate confined at San Quentin Prison, filed a petition for writ of habeas corpus with this court on August 14, 2007, in which he complains that the ultimate findings of his disciplinary hearing (finding him at fault for a physical altercation) was wrong.  [¶] Specifically, he complains that his physical conduct against another inmate was in self-defense and therefore he should not have been held responsible.  He therefore argues that he should not have received any custody credit loss.

/ / /

The court concluded that the disciplinary finding was supported by some evidence and denied the petition. The California Court of Appeal and California Supreme Court both denied relief without substantive analysis. While petitioner appears to have raised a claim in state court that he was not provided adequate staff assistance with respect to the disciplinary hearing, the state courts did not explicitly address that claim.

## II.  STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

/ / /

/ / /

/ / /

Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001).  Thus, under § 2254(d), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law.  Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin, 127 S.Ct. 649, 653-54 (2006).  "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts."  Plumlee v. Masto, 512 F.3d 1204 (9th Cir. Jan. 17, 2008) (en banc).  Supreme Court precedent is not clearly established law, and therefore federal habeas relief is unavailable, unless it "squarely addresses" an issue.  See Moses v. Payne, ___ F.3d ___ (9th Cir. Sept. 15, 2008) (citing Wright v. Van Patten, 128 S.Ct. 743, 746 (2008)).  For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court.  See id.; see also Carey, 127 S.Ct at 654 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct).  Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings.  See Carey, 127 S.Ct. at 653.

///

In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See id. at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See Benn v. Lambert, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See id. If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See id.

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See id.; see also Wiggins v. Smith, 123 S.Ct. 252 (2003). While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See Williams, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See id. at 410; see also Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003). An "unreasonable application of" controlling law cannot necessarily be

found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 123 S.Ct. at 1175. This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

### III. DISCUSSION

Petitioner claims: (1) because he acted in self defense, the disciplinary finding that he was guilty of battery is not supported by "some evidence"; and (2) he was not provided a staff assistant. With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). Due process is satisfied where these minimum

requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. A violation of prison regulations does not give rise to a due process claim as long as these minimum protections have been provided. See Walker, 14 F.3d at 1419-20.

As to petitioner's claim regarding a staff assistant, the record reflects that he was not entitled to one under Wolff because the charge was not complex and petitioner is not illiterate and was capable of understanding the proceedings.

As to petitioner's claim that the disciplinary finding was not supported by "some evidence" of his wrongdoing because he was acting in self defense, the court finds respondent's argument to be persuasive. Specifically, respondent argues:

> The state court decision denying Petitioner's petition was not contrary to nor an unreasonable application of clearly established Federal law. Substantively, the disciplinary charge against Petitioner must be upheld because it was supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Evidence submitted at the hearing established that Petitioner, having been struck by a known mentally ill inmate, asked that inmate if he had just struck him, and then violently retaliated with multiple blows, breaking the inmate's jaw. (Ex. G at 5.) Arnold admitted this, but claimed that his actions were permitted as self defense. Some evidence existed that Arnold's actions were beyond the force reasonably needed for self defense under the circumstances. (Ex. G at 1-5.) Although Arnold was entitled to defend himself, the hearing officer correctly determined that the concept of self-defense did not apply to Arnold's conduct. (Ex. G at 1-3.) The victim was mentally ill and presented no real threat to Arnold. Furthermore, Arnold's conduct constituted retaliation rather than self-defense, since he conversed with the victim before striking him. Finally, the number of punches thrown, and amount of force used, sufficient to break the victim's jaw, was excessive. (*Id.*)

"Some evidence" is not the same as conclusive evidence. Despite petitioner's contention that he was acting in self defense, there is at least some evidence in the record which supports the finding that he acted unreasonably in hitting inmate Gomez. As respondent observes, petitioner

conversed with inmate Gomez by saying "Did you just hit me" between the time petitioner claims he was struck and the time he struck back.  Further, as also noted by respondent, petitioner struck inmate Gomez four times with sufficient force to break his jaw.  Given that there is no evidence that inmate Gomez' initial blow caused any injury to petitioner, this is "some evidence" that petitioner applied an unreasonable amount of force not justified by a claim of self defense.  As the hearing officer stated, it appears that petitioner acted in retaliation rather than in self defense.  Whether that was actually the case, there is certainly "some evidence" to support the hearing officer's conclusion.

Accordingly, the court finds that the state court's denial of petitioner's claims was neither contrary to nor an unreasonable application of Wolff.  The court also finds that the state court's adjudication was not objectively unreasonable.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.  Petitioner's petition for a writ of habeas corpus (Doc. 1) be denied; and

2.  The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 30, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE